UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MALCOLM ALEXANDER (#93214)                                    CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN                                          NO. 14-0039-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 21, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MALCOLM ALEXANDER (#93214)                                    CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN                                             NO. 14-0039-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, seeking to have evidence pertaining to his criminal conviction produced for forensic DNA testing.

In his Complaint, the plaintiff alleges that he is serving a term of life imprisonment, without the benefit of probation, parole or suspension of sentence, imposed after his conviction in 1980 upon a charge of aggravated rape in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. According to attachments to the plaintiff's Complaint, it appears that he appealed his conviction to the Louisiana Supreme Court, which Court affirmed the conviction on May 26, 1982, without opinion, *State v. Alexander*, 416 So.2d 1302 (La. 1982), and thereafter denied the plaintiff's request for reconsideration on July 2, 1982.[1] Included in the plaintiff's claims asserted on direct appeal was the claim that he was denied due process because the State failed to adequately test the evidence in the case and that "[t]he evidence in the

---

1. The procedural history of this case is taken, in part, from the State's Response to the plaintiff's Application for Post-Conviction Relief in the state trial court in 2012, which the plaintiff attached as an exhibit to his Complaint. *See* R. Doc. 1-2 at pp. 22-24. That recitation has not been disputed by the plaintiff, and it reflects repeated attempts by the plaintiff to obtain forensic testing of evidence pertinent to his criminal prosecution in the state and federal courts in the Eastern District of Louisiana.

state's possession, especially the seminal fluid evidence, was material and may well have been exculpatory." *See Alexander v. Butler*, 1990 WL 127949, *7, *16-19 (E.D. La. Aug. 28, 1990) (and the attachments thereto, including a digital copy of the plaintiff's memorandum submitted on direct appeal in 1982). Thereafter, in March, 1989, the plaintiff filed an application for post-conviction relief ("PCR") in the state trial court, not including a claim for forensic testing, which application was ultimately denied by the state court. In addition, the Louisiana Supreme Court thereafter denied relief in connection with a related request by the plaintiff for mandamus relief in September, 1989. *See id.* at *1; *State ex rel. Alexander v. Butler*, 548 So.2d 1229 (La. 1989). Also in 1989, the plaintiff filed a federal habeas corpus proceeding in the United States District Court for the Eastern District of Louisiana. That proceeding was dismissed, without prejudice, in August, 1990, for failure to exhaust state court remedies. *See Alexander v. Butler, supra*, 1990 WL 127949. The plaintiff then returned to state court with another PCR application and, upon the finality thereof in September, 1991, *see State ex rel. Alexander v. Butler*, 585 So.2d 563 (La. 1991), filed another habeas corpus application in the Eastern District Court, which application was dismissed in March, 1992. A subsequent attempt to appeal that dismissal to the United States Court of Appeals for the Fifth Circuit was unsuccessful, with the appellate court denying the plaintiff leave to pursue a successive habeas corpus application in July, 1993. Finally, in 1996 and 2012, respectively, the plaintiff filed PCR applications in the state trial court in Jefferson Parish, continuing to seek forensic DNA testing of evidence pertinent to his criminal conviction. Those applications were ultimately unsuccessful and concluded with rejections of the plaintiff's writ applications in the Louisiana Supreme Court in 1996 and 2013, respectively. *See State ex rel. Alexander v. Cain*, 682 So.2d 735 (La. 1996) (explicitly finding the plaintiff's writ application to be untimely), *State ex rel. Alexander v. State*, 122 So.3d 552 (La. 2013), and *State ex rel. Alexander v. State*, 126 So.3d 475 (La. 2013) (denying reconsideration). Now, the

plaintiff asserts a claim for forensic DNA testing in this Court pursuant to 42 U.S.C. § 1983, naming as the sole defendant the Warden of the Louisiana State Penitentiary where the plaintiff is currently confined.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Applying the foregoing standard, the Court finds that the plaintiff's Complaint fails to state a claim cognizable in this Court. Initially, the law is clear that there is no free-standing

substantive due process right to post-conviction DNA testing. *See District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52, 72-73 (2009). Instead, the courts have recognized only that, where a state has provided a procedural mechanism for pursuing post-conviction relief in the form of post-trial forensic testing of evidence, such procedure must comport with procedural due process and must provide litigants with a fair opportunity to assert their state-created rights. *See Elam v. Lykos*, 470 Fed. Appx. 275, 276 (5th Cir. 2012), *citing Skinner v. Switzer*, 562 U.S. 521 (2011) (iterating that "[w]hile there is no freestanding right for a convicted defendant to obtain evidence for post-conviction DNA testing," state-created procedures to do so must be adequate to protect the state-created right). It is only when such procedures are deficient that an inmate may pursue a § 1983 lawsuit in federal court, seeking the vindication of his procedural due process rights. *See Skinner v. Switzer, supra*.

In the instant case, the State of Louisiana has created a procedural mechanism for obtaining post-trial forensic DNA testing of evidence gathered and/or utilized during criminal proceedings. *See* La. Code Crim. P. art. 926.1. The plaintiff has apparently availed himself of those procedures in attempting to obtain such testing, and he does not here assert that the available procedures are unconstitutional. *See Thomas v. Fuselier*, 2013 WL 1290002, *8 (W.D. La. March 8, 2013) (rejecting a petitioner's claim regarding alleged due process violations in the determination that he was not entitled to additional DNA testing, and stating that, "Louisiana provides a fundamentally fair post-conviction procedure [and] ... [m]ore specifically, Louisiana has provided an adequate procedure for convicts to obtain forensic DNA testing to assert a claim of actual innocence based on forensic DNA testing"). Rather, the plaintiff complains that the state courts have reached an incorrect result in rejecting his requests for such testing.[2]

---

2. The plaintiff asserts in the instant application that the basis for the state court's denial of his request for forensic DNA testing was the erroneous conclusion that the evidence sought to

Notwithstanding, although the plaintiff is unhappy that his attempts to obtain forensic testing have proven unsuccessful, it is not the province of this Court to second-guess the decisions of the state courts and their application of state law. *See Garcia v. Castillo*, 431 Fed. Appx. 350, 353 (5th Cir. 2011) (noting that the plaintiff in that case "does not – and could not – collaterally challenge the [state] courts' interpretation or application of [state] law"). As a result, the plaintiff's claim herein, seeking to overturn the alleged wrongful decisions of the state courts in denying additional DNA testing, is not properly before this Court. As stated in *Williams v. Hines*, 2013 WL 5960673 (E. D. La. Nov. 6, 2013), wherein the Court rejected a claim presented by a petitioner seeking post-trial DNA testing and complaining that the decision of the lower state court in denying such testing was incorrect:

> First and foremost, insofar as petitioner challenges the correctness of the state court's application of the state rules governing DNA testing before this court, it has been uniformly held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." A federal court conducting habeas review is limited to determining whether a petitioner's custody is in violation of the Constitution, laws, or treaties of the United States.... Accordingly, this court cannot review the correctness of the state court's determination regarding the application of La. C. Cr. P. art. 926.1 to petitioner's request for DNA testing.
> Additionally, [petitioner's] challenge is to the state court's post-conviction determination that he is not entitled to post-conviction DNA testing. As a general rule, "[i]nfirmities in state habeas proceedings do not constitute grounds for federal habeas relief."... This is because "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.
> Also, to the extent [petitioner] argues that the Constitution demands that he be granted additional post-conviction DNA testing, such a claim has been foreclosed by the U.S. Supreme Court's decision in *District Attorney's Office of Third Judicial District v. Osborne*, 557 U.S. 52, [72] (2009). In that case, the Supreme Court held that there was no free-standing federal constitutional right to obtain post-conviction access to the state's evidence for DNA testing.

*Id.*, 2013 WL 5960673, *24-25 (citations omitted). Based upon the well-reasoned determination

---

be tested – consisting of a hair found at the scene of the offense – is no longer available. The plaintiff contends, in contrast, that the referenced evidence is in fact available and that testing thereof is essential in this case because there is no other physical evidence connecting him thereto.

of that Court, this Court similarly concludes that the plaintiff may not here complain regarding the correctness of the state court's determination regarding DNA testing or the procedures utilized by the state court in addressing the plaintiff's contentions. *See Thomas v. Fuselier*, *supra*. Accordingly, the plaintiff's claim asserted herein is subject to dismissal as being without legal foundation.[3]

## RECOMMENDATION

It is recommended that this action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A.[4]

Signed in Baton Rouge, Louisiana, on May 21, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

3. The Court further notes that the defendant warden at the plaintiff's place of incarceration is not the proper party for the relief requested. Instead, the proper party or parties would be those persons located in Jefferson Parish, Louisiana, *i.e.,* the district attorney or sheriff, who are or may be in possession and/or control of the evidence sought to be tested. *See Emerson v. Thaler*, 544 Fed. Appx. 325, 328 n. 2 (5th Cir. 2013).

4. Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."